**ALL METALS & FASTENERS, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**ASSOCIATED BOLT & SUPPLY, INC., an Idaho Corporation, aka J & R Products, et al., Defendants and Appellants.**

No. 13862.

Supreme Court of Utah.

May 7, 1975.

Earl Jay Peck of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for defendants and appellants.

Hardin A. Whitney and Jeffrey N. Clayton of Moyle & Draper, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

Plaintiff commenced an action against Associated Bolt for goods sold on account and against Jones and Robinson based upon a written guaranty to pay for merchandise sold to Associated Bolt. On the day of trial the court permitted plaintiff to amend its complaint to allege an oral guaranty on the part of Jones and Robinson.

The trial court found:

6. On January 20, 1974, Defendants Farrell J. Jones and A. Wayne Robinson orally guaranteed the account of Associated Bolt & Supply, Inc. by stating to Richard E. Watts, an officer of All Metals and Fasteners, Inc., that if Plaintiff, All Metals and Fasteners, Inc. would sell merchandise to Associated Bolt & Supply, Inc. that each of them would personally and individually guarantee that account.

7. In reliance upon the oral guaranty and in accordance therewith, Plaintiff began to sell merchandise on open account to Associated Bolt & Supply, Inc.

and gave judgment against defendants in the amount of $9,940.01 together with interest and costs.

The evidence upon which the findings were made does not permit them to stand against defendant Jones.

The plaintiff herein, in another action, sued one of its officers and Associated Bolt & Supply, Inc. based upon a claim of conspiracy to defraud. Jones was a certified public accountant who kept the records of Associated Bolt. He and Robinson, president of Associated, went to the office of All Metals to try to convince it that Associated was not involved in any conspiracy. They were interested in continuing to purchase merchandise from All Metals. The testimony of the secretary-

treasurer of All Metals reveals that which occurred:

A. . . . And in which case, when that was decided, we all met in Mr. Jones' office again, and we finalized what we intended to do, at which time the subject was brought up by Mr. Jones that Associated Bolt still needed a supplier, and because they had been so cooperative, we decided that we should be cooperative, too—and I say "We" All Metals & Fasteners Company—and I did say to the gentlemen that due to my past experience with the business we had with Associated Bolt sometime back, at that point it would be necessary that we had some form of guarantee in order for us to do business with these gentlemen.

Q. Go on. Then what happened?

A. And I looked at Mr. Jones, and Mr. Jones agreed. And he looked at Mr. Robinson, and Mr. Robinson also agreed. At which time you, Mr. Whitney, came in and stated to the effect that a guarantee of this type should be a written guarantee, of which these gentlemen would have to sign, and that you would prepare it upon our return to Salt Lake, and in which case we could submit it to them for signature.

A written guaranty was submitted to Jones for his signature, but he refused to sign it so as to guarantee the debt of Associated Bolt & Supply, Inc. He was willing to guarantee payment for merchandise shipped to him and Robinson so that he could keep a record and get payment from Associated Bolt. No merchandise was shipped to him and Robinson, and so plaintiff realizing that it could not recover on the written guaranty amended its complaint to claim that there was an oral promise.

Counsel for Robinson admits that Robinson is liable to plaintiff on an oral guaranty. The judgment is reversed as to Jones, and he is awarded his costs. Otherwise, the judgment is affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ.